ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

RICHARD J. CUELLAR (#WI 01006631)
230 North First Avenue, Suite 204
Phoenix, Arizona 85003-1706
(602) 682-2600

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TERRY L. HARRISON Jr. and,<br>LETICIA Y. HARRISON,<br><br>　　　　　　　　　　　　　Debtors.<br><br>UNITED STATES TRUSTEE,<br><br>　　　　　　Plaintiff,<br>v.<br><br>TERRY L. HARRISON Jr. and,<br>LETICIA Y. HARRISON,<br>　　　　　　　　　　　　Defendants. | CHAPTER 7<br><br>No. 2-08-bk-13510-GBN<br><br>**Adv. No. 2-10-ap-226-GBN**<br><br>COMPLAINT TO<br>REVOKE DISCHARGE |

The United States Trustee, Plaintiff, by and through her counsel, Richard J. Cuellar, for her Complaint to Revoke Discharge in the above captioned administrative case of Terry L. Harrison Jr. and Leticia Y. Harrison, Defendants, respectfully alleges the following:

**Jurisdiction, Venue and Standing**

1. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(J) and 1334.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

3. Defendants commenced the chapter 7 case captioned above ["Chapter 7"] by the filing of a voluntary petition under 11 U.S.C. § 301 on October 2, 2008.

4. Pursuant to 11 U.S.C. §§ 307 and 727(e), the United States Trustee may request revocation of a discharge granted under section 727(a).

5. A discharge was granted to Defendants in the Chapter 7 on January 28, 2009.

6. The Chapter 7 case remains open as of the filing of this complaint.

**Revocation of Discharge**
COUNT I
11 U.S.C. § 727(d)(2) and (e)(2)

7. Plaintiff reasserts paragraphs 1 - 6 as if fully stated herein.

8. Schedules and statements were filed in the Chapter 7 on October 8, 2008.

9. The schedules and statements filed in the Chapter 7 were signed by the Defendants under penalty of perjury.

10. Defendants filed amended schedules on October 10, 2008 disclosing on schedule B at item 21 an interest in a contingent and unliquidated claim against the University of Phoenix which the Defendants valued at zero dollars.

11. On March 19, 2009, the law firm retained by the Chapter 7 trustee corresponded with Defendants' counsel via email asking that Defendants be advised "that they are not to settle [the University of Phoenix] claim without the authorization of the Trustee." A copy of the email is attached hereto as Exhibit A and is incorporated herein by this reference.

12. On or about April 27, 2009, Defendants' counsel contacted the Chapter 7 trustee's attorney and indicated that he told the Defendants before they filed the petition that they would probably need to turnover the University of Phoenix funds when they received them and that he believed the Defendants had thereafter received and spent the subject funds.

13. The claim against the University of Phoenix listed in the amended schedules of Defendants and any proceeds therefrom are property of the Chapter 7 estate.

14. On information and belief, the claim against the University of Phoenix lead to payment to Defendants in the amount of $25,000 thus resulting in the Defendants acquiring property that is property of the estate.

15. Defendants have informed the Court that they spent the subject funds. *See Debtor's (sic) Response to Trustee's Motion to Compel Turnover by Debtors* at Docket No. 26 in the Chapter 7 case.

16. The Defendants knowingly and fraudulently failed to deliver or surrender property they acquired which was property of the estate to the chapter 7 trustee.

## COUNT II
## 11 U.S.C. § 727(d)(3) and (e)(2)

17. Plaintiff reasserts paragraphs 1 - 16 as if fully stated herein.

18. On September 30, 2009, the Court issued a lawful *Order Granting Trustee's Motion to Compel Turnover by Debtors of $25,000.00* ["the Order"].

19. The Order directed the Defendants to turnover to the trustee the sum of $25,000.00.

20. The Order further provided that failure to comply may result in the revocation of the Debtor's (*sic*) Discharge.

21. The Defendants have refused to obey the Order

WHEREFORE, the United States Trustee, Plaintiff herein, respectfully requests that the court grant the following relief:

1. Judgment revoking Defendants' discharge pursuant to 11 U.S.C. § 727(d)(2) and (e)(2);

2. Judgment revoking Defendants' discharge pursuant to 11 U.S.C. § 727(d)(3) and (e)(2);

3. Whatever other and further relief the Court deems to be just and equitable.

RESPECTFULLY SUBMITTED this 4th day of February, 2010.

ILENE J. LASHINSKY
United States Trustee
District of Arizona

/s/ RJC (#WI 01006631)
RICHARD J. CUELLAR

# Exhibit "A"

| | |
|---|---|
| **From:** | Trudy A. Nowak [tan@tanowak.com] |
| **Sent:** | Wednesday, January 27, 2010 10:34 AM |
| **To:** | Cuellar, Ric J. (USTP) |
| **Subject:** | FW: Re: Harrison, Terry L. & Leticia Y. |

-----Original Message-----
From: Trudy Nowak
Sent: Tuesday, March 24, 2009 8:05 PM
To: 'James J. Gentile'

Jim,


David Birdsell has employed our firm to look into the EEOC claim the debtors have against the Univ of Phoenix that was listed on their amended Schedule B. Could you please send me a copy of the Complaint (if filed) and the name of the attorney handling the matter for the debtors along with any other information or facts you have related to this claim. Please advise your clients that they are not to settle this claim without the authorization of the Trustee.


I look forward to hearing from you. Thank you.


Trudy


Trudy A. Nowak

Anderson & Nowak, PLC

2211 E. Highland Avenue, Suite 211

Phoenix, AZ  85016

Phone: 602-441-5298 (direct)

Fax: 602-441-5682

Email: tan@anlawfirm.com <mailto:tan@anlawfirm.com>


Confidentiality Notice: This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or

1

privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately. Please be further advised that the unauthorized interception or retrieval of e-mail may be a criminal violation of the Electronic Communications Privacy Act.

Internal Revenue Service Circular 230 Disclosure: As provided for in Treasury regulations, advice (if any) relating to federal taxes that is contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any plan or arrangement addressed herein.